# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CHRIS KRYCH,<br><br>                   Plaintiff,<br><br>v.<br><br>DHS MSOP-ML, April 6, 2011, Client Placement Committee Members and Participants *(John Doe's / Jane Doe's)*; KENT JOHANSEN, BARBARA BISHOP, GREG SWENSEN, BILL GULLICKSON, ROB ROSE, KEVIN BROWNE, BLAKE CAREY, JESSICA GEIL, SCOTT BENOIT, YVETTE ANDERSON, TERRY KNEISEL, LAURIE SEVERSON, LUCINDA JESSON, KEVIN MOSER, BARBARA BERG WINDELS, ELIZABETH BARBO, TARA OSBORNE, LAINIE JANKE, DANA OSBORNE, TERESA KNIES, JAMIE JUNGERS, BETH VIRDEN, DIANA MAGAARD, TOM DEGERSTROM, MARK HANSEN, MIKE ANDERSON, JANE STINAR, JASON JOHNSON, JOHN GORKIEWICZ, KEVIN NELSON, RICK O'CONNOR, TIM CHRISTY, NICK LAMMI, CINDY LUKENEN, JASON ANDERSON, MIKE MESSENGER, NATALIE STEINERT, KELLI MINER, CORNELIA LOUGH, RANDY VALENTINE, BECKY OLSON, ANITA MOONEN, and MANDY TORGERSON, *each sued in their individual capacity and official capacity as employees of the Minnesota Department of Human Services (MN-DHS)*,<br><br>                   Defendants. | Civil No. 11-3091 (JRT/TNL)<br><br><br><br>**ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE DENYING REQUEST TO LIEFT STAY** |

       Chris Krych, MCF-Moose Lake, 1111 Highway 73, Moose Lake, MN 55767, *pro se*.

       Uzodima F. Aba-Onu, **BASSFORD REMELE, PA**, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402, for defendants.

       This action is brought by Plaintiff Chris Krych against the employees of the

Minnesota Sex Offender Program ("MSOP") and various Minnesota Department of

Human Services ("DHS") officials for violating his constitutional rights during his civil commitment to the MSOP. On January 25, 2012, Krych's case was stayed pending the resolution of a motion for class certification in *Karsjens et al. v. Jesson et al.*, Civil Case No. 11-3659 (DWF/JJK). On November 5, 2014, Krych sent a letter to United States Magistrate Judge Tony N. Leung requesting that the stay on his case be lifted. On November 26, 2014, the Magistrate Judge denied Krych's letter request, explaining that because his case was stayed pending class-action litigation in *Karsjens* and the *Karsjens* litigation remains ongoing, it is not appropriate to lift the stay in Krych's case. On February 24, 2015, Krych filed a letter appealing the Magistrate Judge's order. In his letter, Krych requests an explanation as to how his case is sufficiently related to *Karsjens* to warrant a stay pending the outcome of that litigation. This matter is now before the Court on Krych's objection.

## DISCUSSION

The Court finds that Krych's case is closely related to *Karsjens* because the two cases are brought by similarly situated plaintiffs and raise similar claims. Both Krych and the plaintiffs in the *Karsjens* litigation are individuals civilly committed to the MSOP. Krych's complaint "alleges that conditions of confinement are unconstitutionally restrictive with unsafe human double bunking practices; that defendants have imposed punishment without due process and use [u]nconstitutionally obtained rule violations to justify continued confinement/denial of discharge, and that MSOP's double bunking

practices caused Plaintiff psychological and physical injuries." (Compl. at 1-2, Oct. 19, 2011, Docket No. 1.)

Like Krych, the plaintiffs in the *Karsjens* MSOP class action also challenge, on behalf of "[a]ll patients currently civilly committed in the Minnesota Sex Offender Program pursuant to Minn. Stat., § 253B," the constitutionality of the double-bunking practices, arguing that patients "are double bunked in 9.5 x 15 ft. wet cells consisting of two metal bed frames with springless mattresses that are only 30 inches apart, small stainless steel desks, and a stainless steel toilet/sink combination unit fixed into the cell." (*Karsjens et al. v. Jesson et al.*, Case No. 11-3659, Third Am. Compl. ("TAC") ¶¶ 43, 148, 152-54, 273, 294, Oct. 28, 2014, Docket No. 635.) The *Karsjens* class action also objects to the MSOP employees' alleged invasive practice of strip searching patients, including touching the patients' testicles and buttocks, patting down patients, and using a metal-detecting wand on their bodies. (*Id.* ¶¶ 155-58, 161.) This conduct covers the same types of allegations Krych makes with respect to his own treatment during his commitment to the MSOP.

Although Krych's complaint raises claims about treatment that is particular to Krych as an individual and therefore not specifically discussed in the *Karsjens* litigation, the *Karsjens* class action case adequately challenges the very types of allegedly-unconstitutional treatment Krych challenges. The *Karsjens* class action challenges that treatment on behalf of all patients at the MSOP, which includes Krych. In light of these similarities, the Court finds that Judge Michael J. Davis was correct to identify Krych as a related case in his January 25, 2012 order staying cases sufficiently related to *Karsjens*,

pending the resolution of the *Karsjens* litigation. (Order at 4, Jan. 25, 2012, Docket No. 31 (listing Krych's case as a related case).) On June 17, 2015, Judge Donovan W. Frank ruled on the constitutionality of the MSOP, finding that the program violated the constitutional rights of patients. (*Karsjens et al.*, Findings of Fact, Conclusions of Law, and Order, June 17, 2015, Docket No. 966.) Judge Frank is still in the process of determining remedies, however. Therefore, because the *Karsjens* litigation remains ongoing, the Court finds that it is appropriate for Krych's case to remain stayed at this time. The Court is hopeful that the *Karsjens* litigation will be resolved soon.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Krych's letter appeal [Docket No. 68]. **IT IS HEREBY ORDERED** that the order of the Magistrate Judge [Docket No. 67] is **AFFIRMED**.

DATED: August 17, 2015  
at Minneapolis, Minnesota.

\_\_\_\_s/ John R. Tunheim\_\_\_\_\_  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court