UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Chris Krych, | Case No. 11-cv-3091 (JRT/DJF) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| DHS MSOP-ML, April 6, 2011, Client Placement Committee Members and Participants, et al., | |
| Defendants. | |

This matter is before the Court on the motion for a temporary restraining order ("TRO") (ECF No. 7) of plaintiff Chris Krych, who is a client of the Minnesota Sex Offender Program ("MSOP"). In that motion, Plaintiff requests that the Court immediately enjoin MSOP officials from "double-bunking" clients—an activity that Plaintiff claims to violate his federal constitutional and state law rights. The Court previously stayed this action pending the disposition of *Karsjens v. Minnesota Department of Human Services*, No. 11-cv-3659 (DWF/TNL) (ECF Nos. 31, 35, 65, 72, 75 and 76). The Court has now lifted the stay (ECF No. 82.) Before the Court entered the stay order, Defendants had submitted a responsive memorandum to the motion for a TRO (ECF No. 14) and Plaintiff had submitted to a reply to that response (ECF No. 22). Upon reviewing Plaintiff's motion and the briefing submitted by the parties, the Court recommends that the TRO motion be denied.

Plaintiff alleges in his Complaint (ECF No. 1) and Amended Complaint (ECF No. 26) that, broadly speaking, Defendants failed to protect him from another MSOP client known by Defendants to be dangerous by housing Plaintiff in the same room as the other client. In his TRO

1

motion, Plaintiff seeks to enjoin Defendants from *any* double-bunking of clients on the grounds that double-bunking of persons detained at MSOP necessarily imperils the health and safety of detainees, since only persons found by the Minnesota courts to be dangerous to others are detained at MSOP. Plaintiff invokes 42 U.S.C. § 1983 and the Minnesota Health Care Bill of Rights, Minn. Stat. § 144.651, as the legal grounds on which he seeks relief.

The movant bears the burden of establishing that he is entitled to the extraordinary remedy of preliminary injunctive relief. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). In determining whether to grant a TRO motion, the Court must consider the following: (1) the threat of irreparable harm to the movant in the absence of relief; (2) the balance between that harm and the harm that the relief may cause the non-moving party; (3) the likelihood of the movant's ultimate success on the merits; and (4) the public interest. *See Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); *Amen El v. Schnell*, No. 20-cv-327 (DSD/ECW), 2021 WL 651472, at *2 n.4 (D. Minn. Feb. 19, 2021) (noting that the *Dataphase* factors apply to motions for a TRO and motions for a preliminary injunction).

Plaintiff's TRO motion largely rises and falls on the third factor: his likelihood of success on the merits.[1] Plaintiff cannot succeed on claims that double-bunking, without more, violates his federal constitutional rights. Nor can Plaintiff invoke Minn. Stat. § 144.651 as a basis for relief in this lawsuit. Because Plaintiff has little to no likelihood of success on the merits of the claims upon which his TRO motion is dependent, the Court recommends that the TRO motion be denied.[2]

---

[1] The Court credits Plaintiff's argument that double-bunking presents at least the threat of danger to MSOP clients, but also credits Defendants' argument that ordering the immediate single-bunking of every MSOP client would cause a massive disruption to operations at the facilities operated by MSOP. Since either granting or denying the motion poses a risk of harm to the losing party, this factor does not tilt the scales significantly in favor of either side.

[2] In reaching this conclusion, the Court expresses no opinion on the likelihood of success of Plaintiff's *lawsuit*. Among Plaintiff's claims is that Defendants failed to protect him from a

Among the claims raised in the *Karsjens* litigation is that double occupancy of rooms violates the constitutional rights of MSOP clients. Krych was a member of the class represented in *Karsjens*. The double-bunking claim was litigated to judgment and was dismissed on the merits. *See Karsjens v. Harpstead*, No. 11-cv-3659 (DWF/TNL), 2022 WL 542467, at *14 (D. Minn. Feb. 23, 2022). Plaintiff has therefore already raised the double-bunking claim against MSOP, and that claim has already been rejected. Any claim that the practice of double-bunking, without more, violates Plaintiff's constitutional rights is now barred by the doctrine of res judicata. *See Poe v. John Deere Co.*, 695 F.2d 1103, 1106 (8th Cir. 1989); *Peda v. Fort Dodge Animal Health, Inc.*, 293 F. Supp. 2d 973, 982-83 (N.D. Iowa Nov. 24, 2003) (stating elements of res judicata under federal law).

Even if Plaintiff's section 1983 claim was not precluded by the *Karsjens* litigation, it would fail for the reasons that it failed in *Karsjens*. The double-bunking of detainees generally, *see Bell v. Wolfish*, 441 U.S. 520, 541 (1979), and of MSOP clients specifically, *see Beaulieu v. Ludeman*, 690 F.3d 1017, 1042-43 (8th Cir. 2012), has been found not to violate the constitutional rights of detainees, and those holdings are binding on this Court. Plaintiff may bring claims alleging that the practice of double-bunking has been carried out in an unconstitutional manner in his particular case, but he cannot challenge the unlawfulness of double-bunking as a general practice. Because Plaintiff's TRO motion seeks to categorically enjoin the practice of double-bunking, it has no chance of success on the merits.

Plaintiff also alleges that double-bunking violates his rights as a matter of state law—specifically, Minn. Stat. § 144.651. This claim also fails, as "an alleged violation of § 144.651

---

known danger posed to him by another client. In this respect, Plaintiff has pleaded a colorable claim for relief under section 1983. But success or failure on this claim is not relevant to the question of whether double-bunking *per se* violates the constitutional or statutory rights of MSOP clients, or whether Plaintiff is entitled to preliminary injunctive relief on that broader claim.

3

does not give rise to a private cause of action, but only establishes a grievance procedure for complaints." *Branson v. Piper*, No. 16-cv-1790 (WMW/FLN), 2017 WL 9249421, at *5 (D. Minn. May 3, 2017) (collecting cases). Because Plaintiff cannot successfully bring a claim for relief under section 144.651, he should not be granted a TRO on the basis of that claim.

Plaintiff cannot demonstrate a likelihood of success on the merits of the claims underpinning his motion for a TRO. Accordingly, it is recommended that the motion be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the motion for a temporary restraining order of plaintiff Chris Krych (ECF No. [7]) be DENIED.

Dated: October 5, 2022                              *s/ Dulce J. Foster*
                                                    Dulce J. Foster
                                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).