UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Chris Krych, | Case No. 11-cv-3091 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| DHS MSOP-ML, April 6, 2011, Client Placement Committee Members and Participants, et al., | |
| Defendants. | |

Not long after this action was filed in 2011, a stay was imposed in this matter pending the disposition of *Karsjens v. Minnesota Department of Human Services*, No. 11-cv-3659 (DWF/TNL) (ECF No. 31). The stay was lifted on October 3, 2022 (ECF No. 82). This matter is now before the Court on two motions brought by Plaintiff Chris Krych: a Motion to Postpone or Reschedule the Pretrial Scheduling Order ("Motion to Postpone or Reschedule") (ECF No. 32), and a Motion to Unstay this matter ("Motion to Unstay") (ECF No. 53).[1] The Motion to Unstay is denied as moot, because Plaintiff received the relief requested when the Court lifted the stay in this case. For the reasons set forth below, the Court grants Plaintiff's Motion to Postpone or Reschedule.

On December 29, 2011, Plaintiff filed a document labeled "Amended Complaint" (ECF No. 26). At that time, Mr. Krych was entitled to file an amended complaint as a matter of course, without the Court's leave. *See* Fed. R. Civ. P. 15(a)(1). The new pleading is not a proper amended

---

[1] Also pending is a motion for a temporary restraining order that Plaintiff filed at the outset of this action. (*See* ECF No. 7.) That motion was addressed in a separate Report and Recommendation (ECF No. 84).

complaint, however, but is instead a supplement to the original Complaint (ECF No. 1). Rather than setting forth each claim for relief against each defendant, the Amended Complaint merely adds defendants and factual allegations, and seeks to incorporate the original Complaint by reference.

As a general matter, this is not permitted under the Local Rules of this District. *See* D. Minn. L.R. 15.1(a) ("Unless the court orders otherwise, any amended pleading must be complete in itself and must not incorporate by reference any prior pleading."). But an Answer has already been filed in response to the Amended Complaint (ECF No. 28). Defendants appear to regard the new allegations raised in the Amended Complaint as operative alongside the allegations in the original Complaint, and the Court will do the same: Both the original Complaint (ECF No. 1) and the Amended Complaint (ECF No. 26) will serve jointly as the operative pleading in this matter going forward. If Mr. Krych seeks to amend the pleading again in the future, then leave of the Court will be necessary. *See* Fed. R. Civ. P. 15(a)(2).

In his Motion to Postpone or Reschedule (ECF No. 32), Plaintiff moved the Court to postpone the Pretrial Scheduling Order filed January 20, 2012 (ECF No. 29) until after the additional defendants named in the Amended Complaint are served with the Complaint and Amended Complaint and file an answer or otherwise respond. (ECF No. 32 ¶ 3.) Since the original Pretrial Scheduling Order was set more than a decade ago and the deadlines it established are long passed, the Pretrial Scheduling Order necessarily must be amended. Moreover, the Court agrees that pretrial discovery should not begin until all defendants have been served and have had an opportunity to answer or otherwise respond.

The docket indicates that service of process has not yet been effected on any of the defendants who were named for the first time in the Amended Complaint, but not in the initial

complaint (James Olson, Barry Anderson, Thane Murphy, Denise Reed, Dale Olbekson, Tony Blauert, and Eric Skon). The Court will therefore order that service of process be effected upon those defendants consistent with 28 U.S.C. § 1915(d) and Rule 4 of the Federal Rules of Civil Procedure. The Court will also grant Plaintiff's Motion to Postpone or Reschedule and will issue an amended pretrial scheduling order after those defendants have had an opportunity to answer or otherwise responded to the operative pleading (the Complaint and the Amended Complaint).

However, Plaintiff must properly complete and return the Marshal Service Forms sent to him for the defendants newly-named in the Amended Complaint by **November 7, 2022.** If Plaintiff fails to submit properly completed Marshal Service Forms by **November 7, 2022**, the Court will recommend dismissing these defendants from this matter for failure to prosecute and will issue an amended pretrial scheduling order at that time.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion to Unstay (ECF No. [53]) is **DENIED AS MOOT**.

2. Plaintiff's Motion to Postpone or Reschedule (ECF No. [32]) is **GRANTED**.

3. Plaintiff must submit properly completed Marshal Service Forms (Form USM-285) for defendants James Olson, Barry Anderson, Thane Murphy, Denise Reed, Dale Olbekson, Tony Blauert, and Eric Skon. If Plaintiff does not complete and return the Marshal Service Forms by **November 7, 2022,** it will be recommended that these defendants be dismissed from this matter without prejudice for failure to prosecute. Marshal Service Forms will be provided to Plaintiff by the Court.

4. If Plaintiff submits properly completed Marshal Service Forms by **November 7, 2022**, the Court will issue an amended pretrial scheduling order when the newly-named defendants answer or otherwise respond, or the deadline for them to answer or respond has passed. If Plaintiff does not properly submit Marshal Service Forms for the newly-named defendants by **November 7, 2022**, the Court will issue an amended pretrial scheduling order at that time.

5. After the return of the completed Marshal Service Forms, the Clerk of Court shall seek waiver of service from defendants James Olson, Barry Anderson, Thane Murphy, Denise Reed, Dale Olbekson, Tony Blauert, and Eric Skon in their individual capacities, consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

5. If a defendant sued in his or her personal capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

6. The U.S. Marshals Service is directed to effect service of process on defendants James Olson, Barry Anderson, Thane Murphy, Denise Reed, Dale Olbekson, Tony Blauert, and Eric Skon in their official capacities as agents of the State of Minnesota consistent with Rule 4(j) of the Federal Rules of Civil Procedure. Service of process shall include a summons and a copy of both the Complaint (ECF. No. [1]) and the Amended Complaint (ECF. No. [26]).

Dated: October 7, 2022

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge