UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CHRIS KRYCH, | |
| Plaintiff, | Civil No. 11-3091 (JRT/DJF) |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| DHS MSOP-ML, APRIL 6, 2011, CLIENT PLACEMENT COMMITTEE MEMBERS AND PARTICIPANTS, ET AL., | |
| Defendants. | |

---

Chris Krych, MSOP-Moose Lake, 1111 Highway 73, Moose Lake, MN 55767, *pro se* plaintiff.

Uzodima F. Aba-Onu, **BASSFORD REMELE, PA**, 100 South Fifth Street, Suite 1500, Minneapolis, MN 55402; Gabriel R. Ulman, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1400, Saint Paul, MN 55101, for defendants.

Plaintiff Chris Krych has objected to the Report and Recommendation ("R&R") of Magistrate Judge Dulce J. Foster to deny Krych's Motion for a Temporary Restraining Order ("TRO"). Because each of the relevant factors weighs against the grant of a TRO, the Court will overrule the objection, adopt the Magistrate Judge's R&R, and deny the motion for a TRO.

## BACKGROUND

Plaintiff Chris Krych is a patient in the Minnesota Sex Offender Program ("MSOP"). (Compl. ¶ 1, Oct. 19, 2011, Docket No. 1.) Defendants are employees of the MSOP. Krych

claims that Defendants violated his rights under the federal constitution and Minnesota state law. (*Id.*)

Krych filed the present motion to immediately enjoin MSOP officials from "double-bunking" him. (Aff. Supp. Mot. for TRO at 2, Oct. 19, 2011, Docket No. 7.) Krych alleges in his Complaint that Defendants failed to protect him from dangerous patients of the MSOP by double-bunking him in the same room. (Compl., at 1.)

The Court stayed this case pending the disposition of *Karsjen v. Minnesota Department of Human Services, et al.*, No. 11-3659, because Krych was part of the class represented in that case.[1] The Court lifted the stay on October 3, 2022. (Order Lifting Stay, Oct. 3, 2022, Docket No. 82.) Subsequently, the Magistrate Judge recommended that the TRO be denied primarily because Krych is unlikely to succeed on the merits on his constitutional claims and because Minnesota state law does not provide a private cause of action for Krych's claim. (R. & R. at 2–4, Oct. 5, 2022, Docket No. 84.)

Krych objects to the R&R but does not identify any factual or legal errors in it. Rather, he reiterates the basis of his complaint along with more recent allegations of double-bunking, neglect, and abuse by Defendants.

---

[1] (*See* Order Staying Case, Jan. 25, 2012, Docket No. 31; Amended Order, Feb. 6, 2012, Docket No. 35; Second Amended Order, Oct. 27, 2014; Third Amended Order, Aug. 20, 2015, Docket No. 72; Fourth Amended Order, June 30, 2017; Fifth Amended Order, Dec. 20, 2018, Docket No. 76.)

**DISCUSSION**

I.  **STANDARD OF REVIEW**

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3). When reviewing de novo, the Court will consider the case from the start, as if it is the first court to review and weigh in on the issues. *See Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) (noting that "[w]hen *de novo* review is compelled, no form of appellate deference is acceptable"). However, de novo review of a magistrate judge's R&R "only means a district court 'give[s] fresh consideration to those issues to which specific objection has been made.'" *United States v. Riesselman*, 708 F. Supp. 2d 797, 807 (N.D. Iowa 2010) (quoting *United States v. Raddatz*, 447 U.S. 667, 675 (1980)).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Eighth Circuit has been willing to liberally construe otherwise general pro se objections to R&Rs and to require a de novo review of all alleged errors. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) ("Therefore, even had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given

such a concise record."). However, pro se litigants are not excused from failing to comply with substantive or procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

Courts evaluating a motion for a TRO must weigh four factors, commonly referred to in this Circuit as the "*Dataphase* factors": (1) the threat of irreparable harm to Plaintiff; (2) the balance between this harm and the injury that granting the TRO would inflict on Defendants; (3) the probability that Plaintiff will succeed on the merits; and (4) the public interest. *Rodgers v. Bryant*, 942 F.3d 451, 455 (8th Cir. 2019) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)).

## II. ANALYSIS

As a preliminary matter, Krych did not identify any factual or legal errors in the R&R. Instead, Krych details new allegations against Defendants.[2] A recitation of the Complaint is not sufficient for a proper objection to a Magistrate Judge's recommendation and is not entitled to de novo review. Nevertheless, the Court will review the motion for TRO de novo in consideration of Krych's pro se status.

---

[2] Krych's objection to the R&R complains about a different roommate assignment than his initial request for a TRO. (*Compare* Pl. Obj. to R. & R. at 2, Oct. 17, 2022, Docket No. 87, *with* Aff. Supp. Mot. for TRO at 4.) To the extent that Krych is now objecting to the way the double bunking policy is being applied to him now, he must follow the established procedures of the facility to challenge the new roommate assignment, and file a new complaint. Krych is precluded from challenging the constitutionality of the double bunking policy generally because he was a member of the *Karsjen* litigation, in which that issue was decided. *See Karsjens v. Harpstead*, No. 11-cv-3659 (DWF/TNL), 2022 WL 542467, at *14 (D. Minn. Feb. 23, 2022).

### A. Irreparable Harm

The first *Dataphase* factor, the threat of irreparable harm to Krych, does not favor the grant of a TRO. "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). "To succeed in demonstrating a threat of irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 706 (8th Cir. 2011). This factor is required to grant injunctive relief. *Id.* ("Even when a plaintiff has a strong claim on the merits, preliminary injunctive relief is improper absent a showing of a threat of irreparable harm.").

Plaintiff has not demonstrated that he is likely to suffer irreparable harm. Krych complained of roommates that swear at him, raise their voice, do "passive aggressive antics," and have poor hygiene. (Aff. Supp. Mot. for TRO at 2.) More recently, Plaintiff complains that he has been paired with someone with a "long history of violence and drinking." (Pl. Obj. to R. & R. at 2, Oct. 17, 2022, Docket No. 87.) None of these threats, without more, present the kind of clear and present danger required to establish the likelihood of irreparable harm.

### B. Balance of Harms

The second *Dataphase* factor, the balance of harms, also weighs against granting a TRO in this case. "The balance-of-harms factor involves 'assess[ing] the harm the

movant would suffer absent an injunction,' as well as the harm the other parties 'would experience if the injunction issued.'" *Midwest Sign & Screen Printing Supply Co. v. Dalpe*, 386 F. Supp. 3d 1037, 1057 (D. Minn. 2019) (quoting *Katch, LLC v. Sweetser*, 143 F. Supp. 3d 854, 875 (D. Minn. 2015)).

In this case, the grant of a TRO may cause significant disruption to the MSOP. It would disrupt operations at the facilities and impose significant costs. *See Karsjen et al., v. Harpstead*, No. 11-3659, 2022 WL 542467, at *14 (D. Minn. Feb. 23, 2022) (finding that there is an operational need for double occupancy rooms and that such rooms are standard at sex offender civil commitment programs).

    **C.**    **Probability of Success on the Merits**

The third *Dataphase* factor, the probability of success on the merits, weighs against Krych's motion. The Magistrate Judge recommends that this factor weighs against Krych because Krych's claim was already litigated in *Karsjen* and is thus precluded by *res judicata*. The Court will not address whether Krych's claim is precluded at this time. However, even assuming that Krych's claim is not precluded, the Magistrate Judge did correctly conclude that the section 1983 claim would most likely fail for the same reasons it failed in *Karsjen*. Krych was a member of the class represented in *Karsjen* against the MSOP, and in that case the court considered the claim that double occupancy of rooms violated the constitutional rights of MSOP clients and rejected it on the merits. *See Karsjen*, 2022 WL 542467, at *14 (evaluating the State's interest in double occupancy rooms). Even assuming that Krych is challenging the practice of double-bunking only as

to him, his claim faces an uphill battle in light of the practice being upheld as constitutional. Therefore, the probability of success is low and counsels against the grant of a TRO.

The Magistrate Judge also correctly concluded that Krych's claim under state law is also likely to fail because state law does not give rise to a private cause of action and instead only establishes a grievance procedure. *Branson v. Piper*, No. 16-cv-1790 (WMW/FLN), 2017 WL 9249421, at *5 (D. Minn. May 3, 2017) (collecting cases). Therefore, the likelihood of success on the merits is low and counsels against granting the TRO.

### D. Public Interest

The final factor, the public interest, also does not favor the grant of a TRO. Even assuming that Krych does not seek to enjoin the MSOP from ending the practice of "double-bunking" for all, the public interest is not served because enjoining the MSOP from pairing Krych with any other client of the MSOP will place a disproportionate burden on the MSOP. Micro-managing how the MSOP houses a specific client is not in the best interest of efficient management of public resources and should only occur in extraordinary circumstances.

### CONCLUSION

The Court will overrule Plaintiff's objection, adopt the Report and Recommendation, and deny the motion for a Temporary Restraining Order.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Docket No. 87] is **OVERRULED**.

2. The Report and Recommendation [Docket No. 84] is **ADOPTED**;

3. Plaintiff's motion for a Temporary Restraining Order [Docket No. 7] is **DENIED**.

DATED: January 12, 2023  
at Minneapolis, Minnesota.

　　　　　　　　　　　　　　　　　　_____  
　　　　　　　　　　　　　　　　　　　　JOHN R. TUNHEIM  
　　　　　　　　　　　　　　　　　　United States District Judge