UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Chris Krych, | Case No. 11-cv-3091 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| DHS MSOP-ML, April 6, 2011, Client Placement Committee members and participants et al., | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Chris Krych's request for the appointment of counsel in his Letter to the Magistrate Judge (ECF No. 133). Mr. Krych alleges in his letter that Defendants' counsel is refusing to comply with his discovery requests and has been subjecting him to harassment. For the reasons given below, the Court denies Mr. Krych's request for the appointment of counsel but will refer him to the *Pro Se* Project of the Minnesota Chapter of the Federal Bar Association for possible assistance.

There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, the appointment of counsel is a matter of the Court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Factors to consider in deciding whether to appoint counsel include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases).

Although the Court recognizes Mr. Krych's frustration with the discovery process and his desire for counsel, it does not find that litigating this action will be factually or legal complex, or that Mr. Krych lacks the ability to investigate the facts or present his arguments to the Court. Mr. Krych's relative lack of understanding of the legal system and lack of access to assistance are also not sufficient to warrant the appointment of counsel, as these facts do not distinguish his case from the myriad other claims brought by pro se litigants. The Court denies Mr. Krych's request for the appointment of counsel on these grounds.

However, the Court will refer Mr. Krych to the Minnesota Chapter of the Federal Bar Association's *Pro Se* Project.  His participation in this program is voluntary.  If he elects to participate, he might be able to talk about his case with a volunteer attorney who would consult with him about this case without charging him for the consultation.  The Court will provide this referral to Mr. Krych, along with additional details about the *Pro Se* Project, in a separate letter.

**SO ORDERED**.

Dated: May 29, 2024

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge