# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Chris Krych, | Case No. 11-cv-3091 (JRT/DJF) |
| Plaintiff, | |
| v. | **AMENDED PROTECTIVE ORDER** |
| DHS MSOP-ML April 6, 2011, Client Placement Committee Members and Participants et al., | |
| Defendant. | |

This matter is before the Court on the parties' Joint Stipulation to Amend Protective Order ("Stipulation") (ECF No. 129). Having reviewed the Stipulation, it is **APPROVED**, and the following shall govern discovery in this matter:

1. This Order is binding on all parties and their counsel, including Defendants, Plaintiff, and any counsel that Plaintiff may obtain, individuals assisting the parties in preparation of the case, witnesses subpoenaed or otherwise called to testify at the hearing, and representatives of the parties to whom the not public data or protected health information must be disclosed in order to adequately prepare for the resolution of this matter.

2. "Data subject to this Protective Order" means any documents filed by Defendants that contain data on Plaintiff or other individuals that is classified as "not public" by Minnesota Statutes chapter 13 ("Data Practices Act"), specifically Minnesota Statutes sections 13.384, 144.291-144.298, or other applicable law; or "protected health information" under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Public Law 104-191, and specifically 45 C.F.R. part 160 and subparts A and E of part 164, and includes all documents

and records that become a part of the record.

  3.  Any person bound by this Protective Order is prohibited from disclosing any of the data subject to this Protective Order to anyone other than those persons mentioned herein.

  4.  The data will be subject to the following restrictions:

    a.  The data will be used solely in connection with the above-entitled proceeding and will not be disclosed outside this proceeding. The Minnesota Department of Human Services, the Minnesota Sex Offender Program, and their employees shall otherwise be allowed to use, disclose, or refer to the data in its normal cause of business and as permitted by law. Plaintiff shall be permitted to use, disclose, or refer to his own private or not public data as permitted by law. Plaintiff shall not be permitted to use, disclose, or refer to any private or not public data on other individuals except as specifically provided for in this Protective Order.

    b.  The data shall not be disclosed by the parties or counsel during the course of preparation of this matter except to the following:

      i.  The parties, the parties' counsel, and such employees of the parties' counsel who assist in the above-captioned proceeding, all of whom are bound by the terms of this Protective Order.

      ii.  Independent experts or consultants working with the parties' counsel who, *prior to disclosure*, sign an agreement agreeing to be bound by the terms of this Protective Order.

      iii.  Other persons including witnesses and deponents as necessary to

    adequately conduct this litigation, provided that such persons, *prior to disclosure*, agree on the record or in writing to be bound or sign an agreement agreeing to be bound by the terms of this Protective Order and specifically agreeing that they will not disclose any private or confidential data outside this proceeding.

  c. Within 60 days after the termination of this action (including any appeals), each party must:

    i. Return or destroy all data subject to the Protective Order produced by the opposing party.

    ii. Notify the disclosing or producing party or nonparty that it has returned or destroyed all confidential documents produced by the opposing party within the 60-day period.

5. The documents subject to the Protective Order shall be marked "Data Subject to Protective Order".

6. Portions of any hearing on this matter may be closed as necessary to protect the protected data and to permit free discussion of the protected data. Unless otherwise ordered, any depositions taken in this matter that involves the protected data shall be closed, and deposition transcripts shall be sealed.

7. Documents filed with this Court that contain data subject to this Protective Order shall be filed under seal and stored pursuant to D. Minn. LR 79.1(c).

 **SO ORDERED**.

Dated: May 30, 2024            *s/ Dulce J. Foster*
                     Dulce J. Foster
                     United States Magistrate Judge