UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Chris Krych, | Case No. 11-cv-3091 (JRT/DJF) |
| Plaintiff, | |
| v. | ORDER |
| DHS MSOP-ML, April 6, 2011, Client Placement Committee members and participants et al., | |
| Defendants. | |

The parties to this action reached a settlement agreement following a settlement conference with the undersigned Magistrate Judge on October 7, 2024 and filed a stipulation of dismissal on November 18, 2024.  (*See* ECF Nos. 155, 156.)  Pursuant to the parties' stipulation, the District Judge dismissed this action with prejudice on November 20, 2024.  (*See* ECF No. 159.)

This matter is now before the Court on Plaintiff Chris Krych's self-styled "Pro-se letter Motion for Formal Resolutions" (ECF No. 160).  Mr. Krych asks the Court to order Dakota County Court Judge Michael Mayer to provide certified copies of transcripts from proceedings held in May and October 2006.  (*See* ECF No. 160 at 2; ECF No. 166 at 3; ECF No. 169 at 2.)  In related letters to the Court, Mr. Krych also asks the Court to order Defendants to comply with various terms of the settlement agreement in this case, including requests that Defendants: (1.) resend letters Defendants had previously sent to former United States Attorney General Merrick Garland and United States Attorney for the District of Minnesota Andy Luger to their successors, Pam Bondi and Lisa Kirkpatrick; and (2.) contact Dakota County Court administrators to request the transcript from a

March 9, 2006 hearing.[1] (*See* ECF No. 169.) The Court construes Mr. Krych's "Pro-se letter Motion for Formal Resolutions" together with his subsequent letters as a motion to enforce the terms of the parties' settlement agreement ("Motion"). For the reasons given below, the Court denies the Motion.

As a threshold matter, the Court cannot order Judge Mayer to produce the transcripts Mr. Krych seeks. "It is well established that a federal district court cannot enforce a privately negotiated settlement agreement against a non-party." *Metex Mfg. Corp. v. Manson*, No. 05-CV-2948 (HAA), 2009 WL 10729008, at *2 (D.N.J. July 9, 2009) (citing *Grand Traverse Band of Ottawa & Chippewa Indians v. Dir., Mich. Dep't of Natural Res.*, 141 F.3d 635, 642 (6th Cir. 1998); *Ass'n Retarded Citizens of Conn., Inc. v. Thorne*, 30 F.3d 367, 370 (2d Cir. 1994)); *see also Mon-Ray, Inc. v. Granite Re, Inc.*, 677 N.W.2d 434, 439 (Minn. Ct. App. 2004) ("as a general rule, nonparties to a contract acquire no rights or obligations under it"). Judge Mayer was not a party to the lawsuit or the settlement agreement. (*See generally* ECF Nos. 1, 26.) Therefore, the Court cannot enforce the settlement agreement against him or otherwise order him to produce the requested transcripts.[2]

The Court also denies Mr. Krych's request for an order requiring Defendant to send his letters to Ms. Bondi and Ms. Kirkpatrick. As Mr. Krych notes, the settlement agreement only required Defendants to send his letters to "Minnesota Tim Walz, U.S. Attorney General Merrick Garland, U.S. Attorney (MN) Andy Luger, and Minnesota Board of Judicial Standards." (ECF No. 164 at 1 n.1.) Ms. Bondi and Ms. Kirkpatrick are not included in this list because they did not hold their current titles when the settlement agreement was reached. The Court acknowledges that there

---

[1] Mr. Krych also requested that Defendants file copies of letters and return receipts showing that they were sent. (See ECF No. 164 at 1.) Defendants subsequently complied with this request pursuant to the settlement agreement. (See ECF Nos. 162-1, 168.)

[2] Nothing in this Order precludes Mr. Krych from seeking relief from the Dakota County court independent of this action. *See* Minn. Ct. Rules Record Access 7, 9.

has been a change in leadership in the United States Department of Justice since the parties agreed to the settlement terms, but Defendants mailed Mr. Krych's letters in sufficient time for Mr. Garland and Mr. Luger to have received them prior to the changes in the administration.³ (*See* ECF No. 162-1.) Defendants plainly complied with the terms of the settlement agreement. The Court will not require them to do more.

For similar reasons, the Court denies Mr. Krych's request for an order requiring Defendants to continue to request the March 9, 2006 hearing transcript from Dakota County Court administrators. Under the terms of the settlement, Defendants were obligated to *attempt* to retrieve copies of the March 9, 2006 transcript by searching Minnesota Government Access records, contacting Judge Mayer's chambers, and contacting Dakota County Court administrators. (*See* ECF No. 168 at 1, 4-6; ECF No. 166 at 1.) In the event Mr. Krych reached out to the Dakota County Court administrators himself, Defendants were also obligated to contact the court to validate his efforts. (*See* ECF No. 168 at 4.) The Court finds that Defendants have made reasonable efforts to obtain the March 9, 2006 transcript and to support Mr. Krych's independent attempts. (*See id.* at 1, 4-7.) Accordingly, they have no additional obligation to continue doing so. Mr. Krych's dissatisfaction with the result of their efforts is not a basis for ordering Defendants to do more than what the settlement agreement requires.

For all the foregoing reasons, the Court denies Mr. Krych's Motion.

---

³ The Court finds credible the AG's representation that it did not file a return receipt from Mr. Luger because it has not received one. (*See* ECF Nos. 162, 168.) Mr. Krych also appears to have accepted this representation as true. (*See* ECF No. 169, "[Mr. Krych] therefore states … that

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Plaintiff Chris Krych's "Pro-se letter Motion for Formal Resolutions" (ECF No. 160) is **DENIED**.

Dated:  February 26, 2025          *s/ Dulce J. Foster*
                                                                       DULCE J. FOSTER
                                                                       United States Magistrate Judge

Mr. Luger never provided a certified mail return receipt.")